UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21568-CIV-UNGARO/SIMONTON

SIEMENS AKTIENGESELLSCHAFT,

    Plaintiff,

v.

JUTAI 661 EQUIPAMENTOS
ELECTRONICOS, LTDA., et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO COMPEL

Presently pending before the Court is the Motion to Compel, filed by Defendant Caribe Celular, Inc. (DE # 109). This motion is fully briefed (DE ## 113, 116) and referred to the undersigned Magistrate Judge (DE # 110). A hearing was held before the undersigned Magistrate Judge on March 19, 2009. Based upon a thorough review of the record and for the reasons stated herein, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

    I.    **BACKGROUND**

According to the Amended Complaint, Plaintiff Siemens Aktiengesellschaft ("Siemens") has not licensed its trademark to any of the defendants in this action. Nevertheless, Siemens alleges, Defendant Gilberto Escauriza operated Defendant Jutai 661 Equipamentos Electronicos, Ltda. ("Jutai") to manufacture mobile telephones bearing the Siemens trademark; and, he owned Defendant Caribe Celular, Inc. ("Caribe"), a virtual store that previously sold those illegally-branded mobile phones (DE # 91 at 4). Thus, Siemens sued Defendants for federal trademark infringement, pursuant to 15 U.S.C. § 1114 (Count 1); federal unfair competition, pursuant to 15 U.S.C. § 1125(a)

(Count 2); trade secret misappropriation, pursuant to Fla. Stat. § 688.001, *et seq.* (Count 3); common law unfair competition (Count 4); common law trademark infringement (Count 5); federal trademark dilution, pursuant to 15 U.S.C. § 1125(c) (Count 6); trademark dilution, pursuant to Fla. Stat. § 495.151 (Count 7); and false designation of origin, pursuant to 15 U.S.C. § 1125(a) (Count 8).

In its Answer to the Amended Complaint, Caribe asserts that Plaintiff's claims are barred by the doctrine of laches; that Siemens is estopped from claiming infringment because it consented of the sale of cell phones bearing its trademark to Way Systems, Inc; and, that the first sale of the allegedly infringing goods was done with Siemens' permission and consent (DE # 96 at 9 ¶¶ 1-3).  Caribe further stated that it "reserves the right to supplement or amend its affirmative defenses as discovery in the case proceeds" (DE # 96 at 9, ¶ 4).

On November 6, 2008, Caribe served Siemens with a Request for Production of Documents ("RFP") (DE # 109, Ex. A).  Caribe asserts that in late December 2008, after the 30-day deadline to respond had expired, the parties agreed to a 15-day extension to respond to the RFP; and, that Siemens did not serve its objections to eight separate requests for documents until January 9, 2009, after the expiration of the 15-day extension (DE # 109 at 1).

Following its receipt of Siemens' objections to Request Nos. 1, 2, 4, 5, 6, 7, 10 and 11, Caribe filed the instant motion to compel based on its assertions that: (1) Siemens waived its objections by failing to timely respond to the RFP; and (2) even if they were timely raised, Siemens' objections to the RFP are meritless (DE # 109).

On March 19, 2009, a hearing on the instant motion was held before the undersigned Magistrate Judge, where the parties clarified their arguments.  At the

2

hearing, the undersigned concluded that Caribe is entitled to conduct some discovery with respect to its affirmative defenses, but that the RFPs were overbroad as drafted. Thus, the undersigned issued a preliminary oral ruling from the bench and directed the parties to confer and submit a proposed final order.  The parties filed separate proposed orders that are identical in some respects and conflicting in others.

II.     **REQUEST NOS. 5-10**

A.      **Documents Requested**

In Request No. 5, Caribe sought "[a]ny and all documents . . . pertaining to marketing plans . . . for manufacture and sale of cellular telephones in Brazil" (DE # 109 at 4).

In Request No. 10, Caribe sought "[a]ny and all documents . . . regarding the granting o[f], or refusal to grant, any licenses to market, manufacture or sell Siemens cellular phones to any company in Brazil or the United States" (DE # 109 at 6).

B.      **Discussion**

Consistent with the undersigned's ruling from the bench at the March 19, 2009 hearing, both parties' proposed orders state that "Defendant's Motion to Compel is denied as to Request No. 5 and No. 10 except to the extent that the documents are covered by other Requests" (DE # 128, Ex. A at 2, ¶ 3; DE # 130, Ex. A at 2, ¶ 3).

III.    **REQUEST NOS. 1, 2, 4, 6, 7 and 11**

A.      **Documents Requested**

In Request No. 1, Caribe sought "[a]ny and all documents . . . pertaining to any contract, agreement, purchase order, letter o[f] intent or memorandum of understanding between BenQ and Siemens from January 2005 to the present, pertaining to cellular telephones or telephone accessories" (DE # 109 at 2).

3

In Request No. 2 Caribe sought "[a]ny and all documents . . . pertaining to any agreement between Siemens and BenQ for the purchase of Siemen[s'] cellular telephone business as alleged in the Second Amended Complaint " (DE # 109 at 2-3).

In Request No. 4, Caribe sought "[a]ny and all documents . . . pertaining to any communications between Siemens and any other entity or individual[ ] about . . . doing business with BenQ" (DE # 109 at 3).

In Request No. 6, Caribe sought "[a]ny and all documents . . . regarding the marketing, sale, and manufacture of telephones sold to Way Systems, Inc." (DE # 109 at 5).

In Request No. 7, Caribe sought "[a]ny and all documents . . . pertaining to the manufacture, sale or marketing of cellular telephones and accessories by Jutai" (DE # 109 at 5).

In Request No. 11, Caribe sought "[a]ny and all documents . . . evidencing any communications between Siemens or Ben Q and B2X Care Servicos Technologicos Ltda. [("B2X")] regarding cellular telephones, accessories or after sale service" (DE # 109 at 7).

B.   Discussion

The parties, in their respective proposed orders, agree on the following: *first*, that the time period relevant to these Requests is "the date that Plaintiff sold its cell phone business to BenQ in 2005 to the date of the commencement of this lawsuit" (DE # 128, Ex. A at 1, ¶ 2; DE # 130, Ex. A at 1, ¶ 2); and, *second,* that any responsive documents "shall be produced by noon on the business day prior to the deposition of the Plaintiff's

4

corporate representative" (DE # 128, Ex. A at 2, ¶ 4; DE # 130, Ex. A at 2, ¶ 4).[1]

The parties disagree on two points, which the undersigned will address in turn below:

### 1. Electronically-Stored Information

First, Siemens suggests, in its proposed order, that its obligation to respond to Request Nos. 1, 2, 4, 6, 7 and 11 does not extend to "electronically-stored information" (DE # 130, Ex. A at 1, ¶ 2), while Caribe's proposed order contains no such limitation (DE # 128, Ex. A at 1, ¶ 2). Neither party's all-or-nothing approach to electronic discovery comports with the undersigned's oral ruling at the March 19, 2009 hearing.

At the hearing, the undersigned concluded that Caribe is entitled to conduct discovery relevant to its affirmative defenses of laches and consent, but that its overbroad RFPs must be limited to prevent imposing an undue burden of production on Siemens. In light of the short time frame for production and the fact that Siemens' counsel was not aware of Siemens' electronic record-keeping policies, the undersigned directed counsel to confer with each other, as well as Siemens' corporate representative, to fashion an electronic discovery plan. Among other things, the undersigned contemplated that electronic discovery would be limited to particular Siemens employees who were involved with matters pertaining to BenQ, Jutai and Caribe; and, the undersigned suggested that the parties agree to relevant search terms that Siemens should use to search its archives of electronic records.[2] The parties' competing

---

[1] The deposition of Siemens' corporate representative is presently set to occur on March 31, 2009 (DE # 121).

[2] For example, the undersigned suggested the possibility of using "Jutai" as a relevant search term; but the feasibility of this suggestion was not clear because "Jutai" is a street name and it was unknown whether searching using Jutai would retrieve a

proposed orders fail to explain their inability to compromise on an electronic discovery plan, nor do they set forth the bases of their disagreements.

As stated on the record at the March 19, 2009 hearing, Siemens is required to produce electronically-stored information that is responsive to Request Nos. 1, 2, 4, 6, 7 and 11.  However, Siemens is not required to conduct an unduly burdensome comprehensive search of its electronic archives.  Rather, the parties are ordered to confer for the purpose of establishing reasonable limitations on the scope of Siemens' obligation to produce responsive electronically-stored information, which may include restricting the search to certain Siemens employees and agreeing upon a list of search terms.

### 2. Documents Pertaining to Phones Produced by BenQ and Jutai That Are Not the Subject of this Lawsuit

In its proposed order, Caribe suggests that Siemens should be required to produce responsive documents "having to do with the production of Siemens branded phones by BenQ or Jutai in Brazil or the sale of Siemens branded cell phones to Way Systems, Inc. or to Comcel" (DE # 128, Ex. A at 1, ¶ 2).  Siemens, on the other hand, suggests that it shall produce responsive documents "which pertain to the production of Siemens branded phones by BenQ or Jutai in Brazil for sale to Way Systems, Inc. or to Comcel" (DE # 130, Ex. A at 1, ¶ 2).

At the March 19, 2009 hearing, Caribe's counsel stated that the only customers for the specialized phones at issue in this case were Way Systems, Inc. and Comcel, and the language Siemens proposes is consistent with this limitation: Siemens will be ordered to produce responsive documents pertaining to Siemens branded phones that were

---

significant number of irrelevant documents.

produced for sale to Way Systems or Comcel.

Caribe's proposed language is broader, and, in addition to the documents covered by Siemens' proposed order, would also require Siemens to produce responsive documents that pertain to *any* Siemens branded cell phone – not just the model of phone at issue in this case – produced by BenQ or Jutai in Brazil.

The Amended Complaint addresses Caribe's alleged unauthorized sale of model A31 and A31a phones bearing the Siemens trademark (DE # 91 at 5, ¶¶ 22-23); and, based on the representations by counsel at the March 19, 2009 hearing, the only purchasers of those phones are Way Systems, Inc. and Comcel.  Even assuming that BenQ or Jutai produced phones in Brazil other than the A31 and A31a models, the affirmative defenses are stated in conclusory terms and to not relate in any way to phones other than the A31 and A31a models that were produced specifically for sale to Way Systems, Inc. and Comcel.  It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel (DE # 109) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1.     On or before March 30, 2009 at 12:00 p.m., Plaintiff shall produce all documents within its possession, custody or control that are responsive to Request Nos. 1, 2, 4, 6, 7 and 11 from the date the Plaintiff sold its cell phone business to BenQ in 2005 to the date of the commencement of this lawsuit, and which pertain to the production of Siemens branded phones by BenQ or Jutai in Brazil for sale to Way Systems, Inc. or to Comcel.  Plaintiff shall produce responsive electronically-stored information after consulting with Defendant's counsel for the purpose of establishing reasonable parameters to govern Plaintiff's search of its electronic archives.

      **2.**      **Defendant's Motion to compel is denied as to Request Nos. 5 and 10,**

**except to the extent that the documents are covered by other Requests.**

      **DONE AND ORDERED** **in chambers in Miami, Florida on March 25, 2009.**

*[signature: Andrea M. Simonton]*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro,**
      **United States District Judge**
**All counsel of record**